

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00089-CR

---

WARREN LANE MARLER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47363-B

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Warren Lane Marler pled guilty to burglary of a habitation and family violence assault with a prior conviction of family violence assault. Pursuant to a plea bargain with the State, which the trial court accepted, Marler was sentenced to seven years' imprisonment. Despite the trial court's certification that this was a plea agreement case and Marler had no right of appeal, Marler timely filed a pro se notice of appeal. Because we find that we are without jurisdiction over this case as a result of Marler's plea bargain with the State, we will dismiss this appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A)     those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Marler either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Marler's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On May 31, 2019, we informed Marler of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Marler provided no response to our communication.

Because Marler has no right of appeal as a result of his plea bargain with the State, and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     July 10, 2019
Date Decided:      July 11, 2019

Do Not Publish